**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PATRICIA BURNEY,

      Petitioner - Appellant,

v.

DEBBIE ALDRIDGE, Warden,

      Respondent - Appellee.

No. 17-7059
(D.C. No. 6:14-CV-00374-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Patricia Burney, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2254 habeas petition. We deny her request for a COA and dismiss this matter.

Ms. Burney was convicted after a jury trial of one count of first-degree murder. She was sentenced to life in prison without the possibility of parole. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed her conviction and sentence. Ms. Burney was represented by counsel at trial and on appeal, but she filed her § 2254 habeas petition pro se. The district court denied her habeas petition and denied a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Burney now seeks to appeal the district court's denial of her habeas petition. To do so, she must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if Ms. Burney makes "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To meet this standard, she must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Ms. Burney asserted six claims in her habeas petition: 1) the uncorroborated testimony of accomplices Michelle Burney and Michael Richardson was legally insufficient to convict her of murder; 2) the state failed to disclose exculpatory impeachment evidence for its key witness and failed to correct the witness's false testimony; 3) the trial court violated her rights to due process and a fair trial by admitting improper character evidence; 4) the trial court violated her rights to due process and a fair trial by admitting gruesome photographs; 5) the trial court abused its discretion by failing to give defense counsel's proposed instruction on witness credibility; and 6) the accumulation of errors deprived her of a fair trial.

The OCCA rejected these claims on the merits. In order to obtain federal habeas relief, Ms. Burney must show the OCCA's decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the record. 28 U.S.C. § 2254(d). In a

2

thorough, well-reasoned order, the district court addressed the OCCA's treatment of each of Ms. Burney's claims and determined she was not entitled to habeas relief.

We have reviewed Ms. Burney's arguments, the record, the OCCA's decision, the district court's order denying habeas relief, and the applicable law. Based on this review, we conclude Ms. Burney has failed to demonstrate that reasonable jurists would debate the correctness of the district court's resolution of her petition. We therefore deny her request for a COA and dismiss this matter.

Entered for the Court

Bobby R. Baldock
Circuit Judge